IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

MALCOLM PLEASANT                §

VS.                             §   CIVIL ACTION NO. 1:01cv306

SHEDRICK JENKINS, ET AL         §

<u>MEMORANDUM OPINION</u>

Plaintiff Malcolm Pleasant, proceeding *pro se*, filed the above-styled civil rights action pursuant to 42 U.S.C. § 1983 against Shedrick Jenkins, Jacqueline Thomas, Keith Gorsuch, Clint Huckabay and William Papania.  Plaintiff asserts the following claims:  (a) defendants Jenkins and Thomas used excessive force against him and (b) defendants Gorsuch, Huckabay and Papania were deliberately indifferent to his serious medical needs.

Defendants Thomas, Gorsuch, Papania and Huckabay have filed a motion asking that the claims against them be dismissed for failure to exhaust administrative remedies.[1]  Plaintiff has filed a response.  The motion is therefore ripe for consideration.

<u>Factual Allegations</u>

Plaintiff alleges that on August 17, 2000, defendant Jenkins came to his cell and asked if he wanted a haircut.  After plaintiff gave an affirmative reply, he was placed in handcuffs and left his cell carrying a towel roll for his shower.  He states defendant Jenkins told him he was not taking him to the

---

[1] Defendant Jenkins acknowledges plaintiff properly exhausted his administrative remedies with respect to him.

shower. He gave plaintiff the choice of either going to the barber shop or returning to his cell. Plaintiff then asked to speak with a supervisor. After plaintiff repeated his request, he alleges defendant Jenkins grabbed him by the throat and slammed him to the concrete. Plaintiff states defendant Jenkins continued to assault him by placing his foot on plaintiff's throat and punching him four time in the face. He states defendant Thomas came and joined in the assault.

Plaintiff alleges that after he was taken to the infirmary, he told defendant Huckabay, a nurse, he was experiencing blurred vision and severe pain in his throat, head, neck and eye. He also complained his face was sore and that he had bruises, cuts and scratches on his face, neck and throat. He asked defendant Huckabay to provide him with ointment and to call a physician for a pain killer until plaintiff could be seen by a physician. Plaintiff states defendant Huckabay failed to conduct any examination and refused to give him any ointment or pain medication or to call a physician. He alleges defendant Huckabay refused to provide him with any medical attention at all.

Plaintiff alleges that the following day he requested medical attention from several officers. He that after he spoke with defendant Gorsuch, he told him he would try and have someone on the next shift take plaintiff to the infirmary. However, plaintiff was not taken to the infirmary that day. Plaintiff states that at this time he had two black eyes and cuts and bruises on his face.

2

Finally, plaintiff alleges that on August 22, 2000, he spoke with defendant Papania, a nurse, while he was making rounds. Plaintiff states he asked for ointment and pain medication and asked defendant Papania to call a physician. However, defendant Papania refused to give plaintiff any medication and refused to call a physician.

## The Motion to Dismiss

The defendants state plaintiff filed a Step 1 grievance, No. 2000166588, complaining of the actions of the defendants. They state that when plaintiff filed his Step 2 grievance, he complained of the following: (a) he had not received testing for hepatitis; (b) he had not seen the unit physician and (c) his eyes were blackened and his neck was sore from the use of force by defendant Jenkins. He also stated, "Finally, I am giving notice of compliance with the exhaustion of state remedies, which state I have to file a Step 2 grievance."

The defendants asserts plaintiff's Step 2 grievance was insufficient to exhaust his administrative remedies as to defendants Thomas, Gorsuch, Huckabay and Papania. These defendants, relying on *Johnson v. Johnson*, 383 F.3d 503 (5th Cir. 2004), state that as plaintiff's Step 2 grievance is mostly about his general medical care, the Step 2 grievance failed to give fair notice to prison officials that he was complaining about the actions of the defendants with respect to the August 17, 2000, use of force incident. They state prison officials interpreted his grievance to be about: (a) his complaints concerning not

3

being tested for hepatitis; (b) not seeking medical providers in specialty clinics and (3) not being seen by a unit physician.

### Analysis

Prisoners are required to exhaust all available administrative remedies prior to filing a lawsuit in federal court.  42 U.S.C. § 1997e(a).  The Texas prison system has developed a two-step formal grievance procedure.  The Step 1 grievance, which must be filed within 15 days of the incident giving rise to the grievance, is handled at the prisoner's unit of incarceration.  If a prisoner receives an adverse result at the Step 1 level, he has 10 days to file a Step 2 grievance, which is handled at the state level.  In order to properly exhaust his administrative remedies, a Texas prisoner must pursue his grievance through both steps of the procedure.  *See Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).

In *Johnson*, *supra*, the United States Court of Appeals for the Fifth Circuit considered how specific an inmate must be in his grievance in order to be considered to have properly exhausted his administrative remedies.  The Fifth Circuit stated

> In deciding how much detail is required in a given case, we believe that a court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials "time and opportunity to address complaints internally."  Thus, a grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit.  Further, as a practical matter, the amount of information necessary will likely depend to some degree on the type of problem about which the inmate is complaining.  If an inmate claims that a guard acted improperly, we can assume that the administrators responding to the grievance would want to know--

>   and a prisoner would ordinarily be expected to provide--
>   details regarding who was involved and when the incident
>   occurred, or at least other available information about
>   the incident that would permit an investigation of the
>   matter. In contrast, a grievance in which an inmate says
>   that his cell is habitually infested with vermin, or that
>   the prices in the commissary are too high, could adequately
>   alert administrators to the problem whether or not the
>   grievance names anyone.

*Johnson*, 385 F.3d at 517 (citations omitted).

The Step 2 grievance plaintiff filed concerning the incident described in his complaint provides as follows:

>   At this time I have not received any type of AIDS test or
>   any type of hepatitis test. Furthermore, I have not even
>   seen the unit physician. I have respectfully requested in
>   my Step 1 grievance an appointment with an opthalmalogist
>   [sic], and a nurologist [sic] to completely give me
> professional examinations.

>   I have received black and swollen eyes. My eyes still hurt
>   when I move them from side to side. There's soarness [sic]
>   still in my face, and I suffer from blurred vision. More-
>   over mu neck is still soar [sic] where the officer put his
>   foot on my neck, shutting off my breathing, while Shedrick
>   Jenkins continuously punched me in my face. The soarness
>   [sic] and blurred vision is definitely something an op-
>   thamologist [sic] needs to examine. The nurologist [sic] is
>   trained to examine the other medical complaints. I feel
>   my request to see these trained professionals is not the
>   least bit unreasonable. I have wrote Ms. Talenar requesting
>   to see the unit physician and that has not been fulfilled
>   by Ms. Talenar as of yet. I do have a copy of that request.
>   Medical personnel should have never delayed this long in
>   allowing me to see the unit physician.

>   Finally I am giving notice of compliance with the exhaustion
>   of state remedies, which state I have to file a Step 2
>   grievance.

>   My request for medical attention to Ms. Talenar was sent in
>   on or about 9-2-2000. Its dated 9-2-2000 and I have a
>   carbon copy. It was given to a pill nurse, who said her
>   name is Sam. I've seen no licensed physician as of 9-7-
>   2000.

As defendants Thomas, Huckabay, Gorsuch and Panania point out, plaintiff does not name them in his Step 2 grievance. Nor does he make reference to his specific complaints about their actions. However, with respect to defendants Huckabay, Gorsuch and Papania, plaintiff's Step 1 grievance contains the following statements:

> On 8-17-2000 Nurse Huckabee [sic] done a [sic] incomplete and inadequate injury and did not treat my injury I received from Jenkins. Also the days that followed I requested medical care from Lieutenant Gorsuch ... Nurse Papania ....

In addition, with respect to defendant Thomas plaintiff's Step 1 grievance contains the following statements:

> On 8-17-2000 Officer Shedrick Jenkins approached my cell for a haircut. I was handcuffed behind my back, and pulled out of my cell. Another officer Ms. Thomas was in the day-room. Jenkins got upset because I wanted to shower, after I got a haircut, and slammed me into the concrete because I simply requested to see rank. Ms. Thomas came upstairs and aided Jenkins after he had already punched me in the face 4 times. After Ms. Thomas arrived he punched me in the face an additional three times, while Ms. Thomas held my legs.

The official who considered plaintiff's Step 2 grievance would have had access to his Step 1 grievance. As the Step 1 grievance contains the same allegations made by plaintiff in this lawsuit, the court is unable to conclude that plaintiff's failure to restate the allegations in his Step 2 grievance compels the conclusion that plaintiff failed to adequately exhaust his administrative remedies with respect to defendants Thomas, Huckabay, Gorsuch and Papania. The motion to dismiss will therefore be denied.

## Conclusion

For the reasons set forth above, the motion to dismiss is without merit. A separate order denying the motion shall be entered.

**SIGNED** this __15__ day of ____September____, 2005.


_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE